UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY McCARTHY, CLAYTON BOROWSKI, individually and on behalf of others similarly situated, and individually, GAIL ADAMS, DONALD BAKERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE DUN & BRADSTREET CORPORATION, THE DUN & BRADSTREET CORPORATION RETIREMENT ACCOUNT, and THE DUN & BRADSTREET CAREER TRANSITION PLAN,<br><br>Defendants. | CIVIL ACTION NO.<br>3:03 CV 0431 (SRU)<br><br><br><br>DECEMBER 9, 2003 |

### DEFENDANTS' MOTION FOR PERMISSION TO EXCEED LOCAL RULE 7(d)'s REPLY MEMORANDUM PAGE LIMIT

The Dun & Bradstreet Corporation, The Dun & Bradstreet Corporation Retirement Account, and The Dun & Bradstreet Career Transition Plan ("Defendants"), respectfully move the Court for permission to exceed the ten (10) page limit applicable to Reply Briefs contained in D. Conn. L. Civ. R. 7(d) with respect to their Reply Brief in Further Support of Their Motion to Dismiss With Prejudice.

Defendants' respectfully request permission to file a sixteen (16) page reply brief. There is good cause for granting this request because Plaintiffs' Memorandum of Law in Opposition to the Defendants' Motion to Dismiss – to which the Defendants' reply brief responds – is fifty-two (52) pages long. This is twelve (12) pages longer than the applicable 40-page limit set forth in D. Conn. L. Civ. R. 7(a)(2) – a page limit Plaintiffs' exceeded without asking for or obtaining the Court's consent. Moreover, the Defendants have moved to dismiss three separate ERISA governed claims and Plaintiffs have opposed, in great detail, dismissal of

all three of these separate claims. The Defendants' must therefore address multiple, independent arguments in the reply brief.

Accordingly, while the Defendants are mindful of the requirement in D. Conn. L. Civ. R. 7(d) that their Reply Brief must be "strictly confined to a discussion of the matters raised in [Plaintiffs' Opposition]," and have made every reasonable effort to be as efficient as possible with their allotted pages, they respectfully submit that an adequate reply cannot be accomplished in ten (10) pages.

Therefore, Defendants respectfully request that the Court grant the instant motion permitting them to exceed Local Rule 7(d)'s 10-page limit and file a sixteen (16) page Reply Memorandum.

DATED: December 9, 2003

Respectfully submitted,

THE DEFENDANTS
THE DUN & BRADSTREET CORPORATION,
THE DUN & BRADSTREET CORPORATION
RETIREMENT ACCOUNT, and
THE DUN & BRADSTREET CAREER
TRANSITION PLAN

By: /s/ Zachary R. Osborne
Patrick W. Shea (ct07071)
Zachary R. Osborne (ct19988)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
patrickshea@paulhastings.com
Counsel for the Defendants

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of December, 2003, a copy of the foregoing DEFENDANTS' MOTION FOR PERMISSION TO EXCEED LOCAL RULE 7(d)'s REPLY MEMORANDUM PAGE LIMIT was served by overnight express mail on the following counsel of record:

> Thomas G. Moukawsher, Esq.
> Ian O. Smith, Esq.
> Moukawsher & Walsh, LLC
> 21 Oak Street, Suite 100
> Hartford, Connecticut 06106

Zachary R. Osborne

STM/264541.1