UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MCCARTHY, ET AL,<br><br>                            Plaintiffs,<br><br>- against -<br><br>DUN & BRADSTREET, ET AL,<br><br>                            Defendants. | CIVIL ACTION NO.<br>03:CV 431 (SRU)<br><br><br><br>JANUARY 9, 2004 |

**<u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

      The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential and private information incorporating proprietary data, know-how, trade secrets, other valuable commercial information, and confidential and private personal information concerning persons not party to this action. Accordingly, the parties to this action, by and through their respective attorneys, stipulate and agree to the following terms and conditions in order to safeguard confidential information that may be disclosed in the course of this action.

      IT IS HEREBY ORDERED that he parties shall follow the procedures set forth below with respect to information, documents or things produced or otherwise disclosed in this litigation:

      1.     Definition: Confidential Information: As used herein, "confidential information" shall mean any information, documents, testimony or other things furnished in the course of this litigation containing private, personal, proprietary and/or personnel information that any party, in

good faith, deems confidential and designates as "CONFIDENTIAL" pursuant to the procedures set forth below. The term shall include information, documents, testimony or other things obtained by any party from a third party via subpoena, deposition or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronic copy and video.

2. Marking of Confidential Information:

(a) Marking: Documents, information, or tangible items shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

(1) In the case of documents or tangible items and the information contained therein that are produced by any party, designation shall be made by placing on the document the legend "CONFIDENTIAL."

(2) In the case of documents or tangible items and the information contained therein that are obtained by subpoena or other discovery from third parties, designation shall be made as follows: Upon receipt by the receiving party, the documents or tangible things automatically shall be deemed "CONFIDENTIAL." The receiving party shall furnish a copy thereof to all parties within five (5) business days of receipt. (If the material cannot be reproduced for any legitimate reason, all parties shall be given an opportunity to inspect it.) All parties thereafter shall have thirty (30) calendar days within which to formally designate the document or tangible thing as "CONFIDENTIAL." Should any party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested pursuant to Section 8. If no party designates the

document or tangible thing as "CONFIDENTIAL" within said thirty (30)-day period, then the "CONFIDENTIAL" designation will terminate.

(3) In the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL."

(4) In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL."

(5) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL" and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(b) Good Faith: The parties agree to designate information as CONFIDENTIAL on a good faith basis and not for purposes of harassing the receiving party or parties or for purposes of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

(c) Receipt of Designated Information: Except as permitted by further order of the court, or by subsequent written agreement of the producing party, such designated

documents or testimonial information shall be received by counsel of record for the party or parties upon the terms and conditions of the Protective Order.

    3.    Right of Access to Designated Information:

    (a)    CONFIDENTIAL Information: Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court and the following persons: (i) the parties' counsel of record, the Dun & Bradstreet in-house counsel, or otherwise specifically identified counsel, associate attorneys, paralegal and clerical employees assisting any of these counsel; (ii) named, putative plaintiffs Mary McCarthy, Clayton Borowski, Gail Adams, Donald Bakert, RoseMarie Black, Albin Blom, Mike Blount, William Brady, Michael Coughlin, Delia Coy, Paul Crowe, Cary Elbaum, Lisa Farnsworth, Jack Finley, James Gabrys, Gregory Gospodarek, Laura Gue, James Hadley, Gerald Hillard, Carl Langbein, Katherine Lubonski, Thomas Majka, Frederick Markt, Doris Megesi, Steve Miholics, Marleen Miller, Lewis Moore, Jr., Philip Moscato, Brian Neary, Karl Nicosia, Barry O'Neill, Roger Ruggieri, Robert Short, Jr., Ruth Stewart, Charles Szymanski, Billie Thomas, Frank Tricoli, Henry Tuohy, Jerry Vincent, Walter Waitz, Mark Weiss, Donald Wickersham and John Zimmer (and, to the extent applicable, additional named plaintiffs subsequently joined); (iii) consultants or experts retained by the parties to consult or testify in the case; (iv) court reporters and videographers of sworn proceedings; (v) services retained by counsel to photocopy or image documents or evidence; (vi) any person that a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (vii) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (vii), counsel must

retain physical custody of the CONFIDENTIAL document or other tangible thing unless consent to release it is given by the party that designated it as CONFIDENTIAL. Disclosure of CONFIDENTIAL information to any expert or consultant shall be limited to that confidential information necessary for the witness's consultation work or preparation to testify.

        (b)    Use of Designated Information in Depositions: If in the course of this proceeding, depositions are conducted which involve CONFIDENTIAL information, counsel for the witness or party producing such information may designate, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL information. If designation of CONFIDENTIAL information is made, those portions of said depositions involving such CONFIDENTIAL information will be taken with no one present except (i) one or more of the plaintiffs, (ii) a representative of Dun & Bradstreet selected by Dun & Bradstreet, (iii) those persons who are authorized to have access to such CONFIDENTIAL information in accordance with this Protective Order, (iv) the reporter and videographers, if any, (v) the deponent, and (vi) counsel for the parties, including any in-house counsel for Dun & Bradstreet. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL if the document is first handed to counsel for the opposing party or parties ("opposing counsel") for inspection and either (i) the opposing counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is a managing agent of Dun & Bradstreet. If opposing counsel objects, opposing counsel will have the option to do any one, or a combination of, the following things: (i) note the objection for the record, and/or (ii) recess the deposition so that the matter can be brought before the Court for determination. Any party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of

the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty (30)-day period. Prior to such designation, or expiration of the thirty (30)-day period, the entire deposition transcript shall be deemed CONFIDENTIAL information. Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL information shall be filed only under seal as described in Section 7, until further order of the Court.

        4.       Inadvertent Production: If through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, within fifteen (15) business days of such disclosure, inform the receiving party or parties of the CONFIDENTIAL or privileged or immune nature of the disclosed information and the receiving party, or parties, shall as applicable, treat the disclosed information as CONFIDENTIAL information under this Protective Order, and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party, and to the extent the receiving party or parties shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL information, they are otherwise entitled to disclosure under this Protective Order.

        5.       Disclosure Contrary to this Agreement: If CONFIDENTIAL information is disclosed to any person other than in the manner authorized by this Order, the person responsible

for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

   6. Disclosure Must Conform to this Agreement and Future Court Orders:  Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

   7. Instructions for filing CONFIDENTIAL Information: Any document, pleading or tangible item which contains CONFIDENTIAL information, if filed or submitted to the Court, shall be filed as follows:

   (a) If any document containing CONFIDENTIAL information produced in this litigation is introduced as an exhibit or otherwise placed among the Court papers in this case, it shall be filed in a sealed envelope or container marked with the case caption and a notice substantially as follows:

> CONFIDENTIAL
>
> This envelope or container holds information of [name of party or parties] filed under seal pursuant to a protective order.  This envelope or container may not be opened, and the contents hereof may not be displayed or revealed, except by direction of the Court or by written consent of [name of party or parties].

   (b) This Order shall also apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts or other instruments which comprise, embody, summarize, discuss or quote from any documents produced in the litigation which

-7-

contain CONFIDENTIAL information, or any other material, designated CONFIDENTIAL, including memoranda or work product prepared by counsel, their staff or authorized outside consultants or experts.

(c) The Clerk is ordered to inform any member of the public desiring access to any of the papers of this suit filed under seal that the papers have been sealed.

(d) The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters or anyone else who may from time to time have access to any CONFIDENTIAL information of the substance of this Order.

8. Acceptance of a Designated Document Does Not Constitute Agreement with Its Designation: Acceptance by a party or parties of any information, document or thing designated as CONFIDENTIAL shall not constitute a concession that the information, document or thing is properly so designated. Any party may contest a designation that a document is CONFIDENTIAL information. If the receiving party or parties disagree with the designation and marking by any producing party of any material as CONFIDENTIAL, then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, the party designating the document shall indicate in writing the reason for its designation. The party or parties opposing the designation may present such dispute to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

9. Other Objections Preserved: This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

10.     Right to Seek or Agree to Other Orders: This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

11.     Return of Designated Information and Continued Agreement to Confidentiality: At the conclusion of this action, including any appeals, all CONFIDENTIAL information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party or parties. The provisions of the Protective Order insofar as it restricts the disclosure, communication of, and use of CONFIDENTIAL information produced hereunder shall continue to be binding after the conclusion of this action.

12.     Violation: Any party to this action may file a motion requesting that the Court hold in contempt of Court or otherwise appropriately sanction anyone who knowingly violates the terms of this Order.

DATED this ___ day of December, 2003.

_____
UNITED STATES DISTRICT JUDGE

Agreed to and Presented by,

PLAINTIFFS

MARY MCCARTHY, ET AL.

By: _____
Thomas G. Moukawsher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06101
Tel: 860.278.7005
Fax: 860.548.1740
email: tmoukawsher@mwlawgroup.com

DEFENDANTS

DUN & BRADSTREET, ET AL.

By: _____
Patrick W. Shea (ct07071)
Zachary R. Osborne, (ct19988)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone:    (203) 961-7400
Facsimile:    (203) 359-3031
Email: zacharyosborne@paulhastings.com

-10-

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was served upon the following counsel of record on January 16, 2004, by first class mail.

        Thomas G. Moukawsher (ct08940)
        Ian O. Smith (ct24135)
        Moukawsher & Walsh, LLC
        21 Oak Street
        Hartford, CT 06106

_____
Zachary R. Osborne

STM/265471.1