UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY McCARTHY, CLAYTON BOROWSKI, individually and on behalf of others similarly situated, and individually, GAIL ADAMS, DONALD BAKERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE DUN & BRADSTREET CORPORATION, THE DUN & BRADSTREET CORPORATION RETIREMENT ACCOUNT, and THE DUN & BRADSTREET CAREER TRANSITION PLAN,<br><br>Defendants. | CIVIL ACTION NO.<br>3:03 CV 0431 (SRU)<br><br><br><br>NOVEMBER 19, 2004 |

## DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO COUNT FOUR

Pursuant to D. Conn. L. R. Civ. P. 56(a)(1), Defendants respectfully submit that the following undisputed material facts warrant summary judgment in Defendants' favor as to Count Four of the Amended Complaint. All exhibits referenced herein are compiled in Defendants' Appendix of Exhibits, submitted herewith.

1.  According to the Amended Complaint, each of the Plaintiffs in this case were, for varying periods of time, employees of The Dun & Bradstreet Corporation's ("Dun & Bradstreet") receivables management and debt collections operation, known as Receivable Management Services. Amend. Compl. ¶¶ 4-49.

2.  Eligible employees of Dun & Bradstreet could participate in the Company's Master Retirement Plan (the "Plan"), a defined benefit pension plan that provides full or reduced

benefits based on years of service, earnings, age at retirement, and employment status at retirement. (Master Retirement Plan, Ex. A)[1].

3. A defined benefit pension plan represents a long-term undertaking whose goal is to provide a stream of monetary payments over a long period of time, usually several decades. Deposition of Claude Poulin ("Poulin Dep.") at 67-68 (Ex. G). See also Deposition of Edward Brown ("Brown Dep.") at 56 (Ex. K); Declaration of Edward Brown ("Brown Decl.") at 5 (Ex. F).

4. Under the Plan, employees with at least 5 years of service whose employment with Dun & Bradstreet terminated prior to retirement can still elect early retirement, but at actuarially reduced rates. Ex. A, Section 9 ("Vesting") at 54-56. Specifically, the Plan provides that a former employee may elect to receive early retirement benefits "in an amount which is the Actuarial Equivalent of his deferred vested benefit." Ex. A, Section 9.3 at 56.

5. The Plan provides that actuarially equivalent benefits are "based on interest at the rate of 6-3/4 [or 6.75] percent per annum, compounded annually." Ex. A, Section 1.1 at 4-5.

6. All pension plans seeking tax-qualified status must be reviewed and approved by the IRS for compliance with the qualification requirements set forth in Code Section 401(a), 26 U.S.C. § 401(a)(14).

7. Just as provided in Section 206(a) of ERISA, Section 401(a)(14) of the Code provides that a qualified defined benefit pension plan must provide early retirement benefits that are "not less than the benefit to which [the participant] would be entitled at the normal retirement

---

[1] Exhibits A through K referenced throughout Defendants' Local Rule 56(A)1 Statement In Support of Their Motion for Summary Judgment as to Count Four are attached to the Affidavit of Patrick W. Shea.

age, actuarially reduced under regulations prescribed by the Secretary [of the Treasury]." 26 U.S.C. § 401(a)(14). See Brown Decl. at 4 ¶2 (Ex. F); Poulin Dep. at 51 (Ex. G); Poulin Decl. ¶20 (Ex. I).

8. In 1995, the Internal Revenue Service issued a favorable determination letter approving the Master Retirement Plan as a qualifying pension plan for tax purposes. (Ex. D, July 20, 1995 Internal Revenue Service Notice.)

9. The IRS determination letter did not state or otherwise indicate that the interest rate (or any other assumption) used in the Plan to calculate actuarially equivalent benefits was unreasonable or led to an impermissible forfeiture of benefits (Ex. D).

10. Plaintiffs' expert, who has reviewed "probably thousands" of defined benefit pension plans over the years, has "seen the rate of 5 percent, 6 percent, 7 percent, maybe a little higher" utilized in those plans to calculate actuarial equivalence. Poulin Dep. at 45-46; 49-50 (Ex. G).

11. Employers and professional plan managers continue to use interest rates between 5 and 7 percent (and higher) in calculating actuarially equivalent benefits for defined benefit pension plans. See Brown Decl. at 5-6 ¶¶ 3-5 (Ex. F).

12. Furthermore, to the knowledge of both parties' experts, the IRS continues to issue favorable determination letters approving of plans containing interest rates between 5 and 7 percent. Poulin Dep. at 53-55 (Ex. G); Brown Dep. at 40-42 (Ex. K).

13. There has not been identified in this case any instance in which the IRS or any court has deemed a rate of 6.75 percent unreasonable.

14. "The overwhelming majority" of defined benefit pension plans use a fixed rate of interest to calculate actuarial equivalence. Poulin Dep. at 48-50 (Ex. G).

15. Neither parties' expert has ever seen a qualified defined benefit pension plan that utilized an annually-adjusted, variable interest rate. Poulin Dep. at 47-48 (Ex. G); Brown Decl. at 6 ¶ 7 (Ex. F); Brown Dep. at 46-49 (Ex. K).

16. Using an annually-adjusted, variable interest rate assumption would make calculating benefits significantly more complicated. Poulin Dep. at 58-60 (Ex. G); Brown Dep. at 46-47 (Ex. K).

DATED: November 19, 2004

Respectfully submitted,
THE DEFENDANTS
THE DUN & BRADSTREET CORPORATION,
THE DUN & BRADSTREET CORPORATION
RETIREMENT ACCOUNT, and
THE DUN & BRADSTREET CAREER
TRANSITION PLAN

By: /s/ Patrick W. Shea
Patrick W. Shea (ct07071)
Sandra K. Lalli (ct25805)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
patrickshea@paulhastings.com

Counsel for the Defendants

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of November, 2004, a copy of the foregoing Defendants' Local Rule 56(a)1 Statement in Support of Their Motion for Summary Judgment as to Count Four was served by overnight express mail on the following counsel of record:

>Thomas G. Moukawsher, Esq.
>Moukawsher & Walsh, LLC
>21 Oak Street, Suite 100
>Hartford, Connecticut 06106

>*/s/ Sandra K. Lalli*
>Sandra K. Lalli

STM/285677.1