Not Reported in F.Supp.2d
2004 WL 57282 (D.Conn.)
**(Cite as: 2004 WL 57282 (D.Conn.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

UNITED STATES OF AMERICA,
v.
Gary MILLS a/k/a "G Knocker"

**No. 3:03CR00032(DJS).**

Jan. 8, 2004.

Richard S. Cramer, Wethersfield, CT, for Defendant.

James I. Glasser, Karen L. Peck, Kevin J. O'Connor, U.S. Attorney's Office-NH, New Haven, CT, for Plaintiff.

*MEMORANDUM OF DECISION*

SQUATRITO, J.

**\*1** The United States has motioned this court to reconsider its ruling [doc. # 35] granting defendant Gary Mills's motion to suppress statements he made to New Haven Police detectives on June 18, 2002. The Government raises two variations of a single argument in support of its motion. First, the government re-states a previous claim that the defendant's Sixth Amendment right to counsel had not attached at the time of his statements to the police. Second, the Government claims that an issue of dual sovereignty under the Sixth Amendment precludes a finding that the defendant's right to counsel in this federal prosecution had attached on June 18, 2002.

STANDARD OF REVIEW

The Government's motion for reconsideration is treated as a motion under Local Rule of Civil Procedure 7(c). D.Conn. L. Civ. R. 7(c). Rule 7(c) [FN1] motions "are, as a practical matter the same thing as motions for amendment of the judgment under Fed.R.Civ.P. 59(e)" [FN2] and are treated under the standard for this federal rule. Accordingly, a motion for reconsideration must "adhere to stringent standards." *Gold v. Dalkon Shield Claimants Trust,* No. 5:82-CV-383 (EBB), 1998 WL 422900 at \*2 (D.Conn.1998). The movant must show that the court overlooked matters or controlling decisions which might reasonably have altered the court's result. *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990). Specifically, "Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *Gold,* 1998 WL 422900 at \*2; *See also, Doe v. New York City Dep't of Social Services,* 709 F.2d 782, 789 (2d. Cir.1983). The application of these standards is intended to prevent "wasteful repetition of arguments already briefed, considered and decided." *Schonberger,* 742 F.Supp. at 119.

> FN1. Rule 7(c) was formerly codified as D.Conn.L.Civ.R. 9(e). The rule reads: "1. Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

> FN2. *City of Hartford v. Chase,* 942 F.2d 130, 133 (2d Cir.1991).

DISCUSSION

The government raises two major claims in its motion for reconsideration. First, the government claims that the defendant's right to counsel under the Sixth Amendment had not attached at the time the defendant spoke to police. Second, the government claims that the court's ruling raises concerns about the interplay of dual sovereigns in our federal system.

The first of the government's claims can itself be separated into two distinct lines of analysis. The opening of the government's memorandum constitutes a more focused re-hashing of arguments made by the government in its original motion in opposition to the defendant's effort to suppress the controverted statements. [doc. # 25]. Although the government engages in a more detailed analysis of certain cases, there is nothing that rises to the level required for reconsideration. The remainder of the government's first argument focuses on state court precedent that the government suggests this court overlooked.

**\*2** This court recognizes the primacy of the Connecticut Supreme Court in resolving questions

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

under Connecticut law, but the government has not presented any "controlling decisions" that demand reconsideration of the prior ruling in this matter. The Connecticut Supreme Court has never ruled directly on the relationship between a defendant's right to counsel and the filing of an information. [FN3] The existing Connecticut precedent shows neither changes in law since the court's ruling nor the discovery of material previously unavailable. The Connecticut cases also do not persuade this court that its prior ruling can be thought to contravene clearly existing law. At best, the government has made a somewhat more persuasive argument than in its original brief on this issue, but this is not enough to warrant reconsideration.

> FN3. The Connecticut Supreme Court has held that the issuance of an arrest warrant does not trigger a right to counsel under the Connecticut constitution. State v. Falcon, 196 Conn. 557, 494 A.2d 1190 (1985). The Court has also held that there is a distinction, for purposes of determining the attachment of the right to counsel, between the arrest of a defendant and the filing of an "information or indictment." State v. Vitale, 190 Conn. 219, 232-233, 460 A.2d 961 (1983). The Court has also suggested that a defendant's right to counsel could attach upon the filing of an information if the defendant has not effectively waived his right to counsel. State v. Lewis, 220 Conn. 602, 611-613, 600 A.2d 1330 (1991). The Connecticut Supreme Court has not definitively resolved this issue.

The second argument put forth by the Government also fails to meet the standard for reconsideration. The government claims that there can be no violation of the defendant's sixth amendment rights because the federal government had not initiated any action against the defendant at the time Mills made his statements to police. The Supreme Court has held that the right to counsel is "offense specific." McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158. The Supreme Court has also held that the determination of whether one offense is separate from another offense for purposes of the right to counsel should be determined by application of the test outlined in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See, Texas v. Cobb, 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001). Thus, it may be that the Sixth Amendment right to counsel had not attached in this federal case at the time Mills spoke to local police. This, however, is not a relevant question. The issue in this case is whether the statements made to local police officers during the course of questioning that violated the Sixth Amendment rights of the defendant in a state case may be used by the federal government to prove other crimes arising out of the same transaction. The constitutional parameters of the present issue have not been determined by the Supreme Court. Thus there is no controlling decision that instructs this court to reconsider.

The Second Circuit has acknowledged that the Sixth Amendment does not prohibit the questioning of an individual regarding other crimes as to which the right to counsel has not yet attached. U.S. v. Mapp, 170 F.3d 328, 334 (1999). The issue here is different-there are no statements present in this case that derive from the questioning of a defendant regarding crimes as to which his right to counsel had not attached. Mapp refused to adopt a rule developed in United States v. Martinez, 972 F.2d 1100 (9th Cir.1992) that might permit the use of such statements absent a showing of control or manipulation on the part of federal officials. Mapp, 170 F.3d at 334. A key to the Mapp analysis was the lack of evidence of impropriety in the underlying interrogation. Here, the court's prior ruling establishes that the underlying interrogation was constitutionally deficient, and so the application of Mapp is uncertain. [FN4] The speculative application of an analogous precedents is not sufficient to justify reconsideration under the applicable standard.

> FN4. It is important to note the factual distinction between this case and Mapp. The Mapp court considered the question of whether federal agents, while investigating a possible federal crime arising out of a criminal transaction that also gave rise to a state charge, could interrogate a defendant who had been charged with a state crime where the state charges had been dropped prior to the federal investigation but after the right to counsel on the state charge had attached. Here, there is no federal investigation. Rather, the federal government seeks to use the fruits of an unconstitutional interrogation conducted solely by local police. Mapp does not squarely address this issue.

CONCLUSION

*3 The Government's motion for reconsideration is DENIED. The court reviews motions for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 57282 (D.Conn.)  
**(Cite as: 2004 WL 57282 (D.Conn.))**

Page 3

reconsideration under a strict standard, and the Government has not shown matters or controlling decisions that require reconsideration of the prior ruling.

2004 WL 57282 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:03CR00032 (Docket) (Feb. 18, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.