Not Reported in F.Supp.2d  
1999 WL 20907 (D.Conn.)  
**(Cite as: 1999 WL 20907 (D.Conn.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Richard MESSIER, et al.  
v.  
SOUTHBURY TRAINING SCHOOL, et al.

**No. 3:94-CV-1706 (EBB).**

Jan. 5, 1999.

RULING ON MOTION TO AMEND COMPLAINT

BURNS, Senior J.

**\*1** This ruling addresses the question of whether the plaintiffs may amend their Complaint a fourth time when they filed their Rule 15(a) motion to amend after the parties completed most discovery and the defendants [FN1] had moved for summary judgment. Four years ago, plaintiffs brought a class action seeking injunctive relief against the defendants, alleging violations of the Due Process Clause of the Fourteenth Amendment, Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 (1997), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1997), and 42 U.S.C. § 1983 for the deprivation of rights under Title XIX of the Social Security Act, 42 U.S.C. § 1396a et seq. (1997). Pursuant to the Court's scheduling orders, the parties closed discovery in March 1998, with some limited exceptions. In May 1998, all parties filed cross-motions for summary judgment. On July 8, 1998, plaintiffs moved to amend their complaint a fourth time pursuant to Federal Rule of Civil Procedure 15(a). For the following reasons, plaintiffs' motion to amend [Doc. No. 389] is granted in part and denied in part.

> FN1. The defendants are Southbury Training School ("STS"), the Director of STS, and the respective Commissioners of the Department of Mental Retardation ("DMR"), the Department of Social Services ("DSS"), and the Department of Public Health ("DPH") (collectively "defendants").

BACKGROUND  
I. *Relevant Procedural Facts*

The Court summarizes only those facts necessary to reach a conclusion on this motion. This case began in October 1994. Since then, the Court has allowed plaintiffs to amend their Complaint on three occasions. Plaintiffs filed their First Amended Complaint on October 13, 1994, their Second Amended Complaint on January 4, 1996, and their Third Amended Complaint on September 20, 1996.

On November 25, 1996, the Court issued a scheduling order establishing deadlines for the completion of discovery and the filing of dispositive motions. Over the next eight months, the Court granted seven extensions of deadlines, allowing the parties more time to complete these matters. After issuing two revised scheduling orders on August 14, 1997 and November 26, 1997, the Court granted twelve more extensions of time for the completion of discovery and the filing of dispositive motions. Pursuant to these scheduling orders, the parties closed most discovery in March 1998. On May 20, 1998, plaintiffs moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. DMR, DPH, and DSS also moved for summary judgment on this date. On July 8, 1998, plaintiffs filed this motion, seeking to amend their Complaint a fourth time.

II. *Changes Made by Proposed Fourth Amended Complaint*

Plaintiffs' Proposed Fourth Amended Complaint clearly makes three major changes to the Third Amended Complaint. First, the Proposed Fourth Amended Complaint adds June Woods as a new named plaintiff. (Proposed Fourth Am. Compl. ¶¶ 36-44.) Plaintiffs argue that defendants have placed all but one of the individual named plaintiffs into the community. Because some of plaintiffs' claims focus on community placement issues, the addition of June Woods is necessary to ensure that there are named plaintiffs with representative claims throughout this litigation.

**\*2** The second set of changes modifies plaintiffs' claim for a violation of due process based on DPH's policies governing the potential issuance of Do Not Rescussitate orders ("DNR orders") on nonterminally ill class members. Plaintiffs' Third Amended Complaint states in relevant part:

> Do Not Rescussitate orders are imposed as a matter of course on many STS residents who are admitted to community medical facilities for treatment because DPH has developed and enforced

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
1999 WL 20907 (D.Conn.)  
**(Cite as: 1999 WL 20907 (D.Conn.))**

Page 2

standards which permit private physicians to write DNR orders on nonterminally ill classmembers. This policy conflicts with DMR's policy that DNR Orders should not be written until DMR reviews the case. Many of these Do Not Rescussitate Orders needlessly subject plaintiffs to an increased risk of death.

\* \* \*

[T]he defendant Harriman has violated the right of plaintiff classmembers to life without due process of law by developing and enforcing standards which permit community hospitals to write and implement DNR Orders on nonterminally ill classmembers without any process to ensure that the decision to withhold routine medical care is consistent with the wishes of the classmember.

(Third Am. Compl. ¶ ¶ 76, 86(j).) In contrast, plaintiffs' Proposed Fourth Amended Complaint states the following:

[T]he defendants have violated the right of plaintiff classmembers to life without due process by developing and enforcing standards which permit private DPH-licensed providers and STS personnel to write and implement DNR Orders in a manner that is not consistent with DMR policy (Medical Advisory # 87-2). Moreover, the practice of allowing DNR Orders to be retained in the classmembers' files for months and years prior to the terminal event exposes them to a substantial risk of harm.

(Proposed Fourth Am. Compl. ¶ 95(j).) While the Third Amended Complaint charges DPH with a due process violation based on its policies governing the issuance of DNR orders, the Proposed Fourth Amended Complaint expands this claim to include all "defendants." In addition, the Proposed Fourth Amended Complaint expands this claim from DNR orders written on "nonterminally ill classmembers" to include orders for any class member.

The third set of changes incorporated in the Proposed Fourth Amended Complaint expands plaintiffs' claims brought under Title XIX of the Social Security Act ("Medicaid Act"). The Proposed Fourth Amended Complaint asserts a new claim, not found in the Third Amended Complaint, that DMR, DPH, and DSS violate the Medicaid Act by "failing to provide written documentation of the policy on advance directives to classmembers and their guardians and obtain informed consent to DNR procedures when used on classmembers." (Proposed Fourth Am. Compl. ¶ 97.)

DISCUSSION

I. *Standard of Review for Rule 15(a) Motion to Amend*

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." After a responsive pleading has been served, litigants may amend a pleading "only by leave of court or by written consent of the adverse party." *Id.* In these situations, leave to amend pleadings "shall be freely given when justice so requires." *Id.* In *Foman v. Davis,* 371 U.S. 178 (1962), the Supreme Court explained that district courts must evaluate Rule 15(a) motions to amend under the following standard:

> **\*3** In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rule requires, be 'freely given.'

*Id.* at 182. The propriety of granting a motion to amend remains within the sound discretion of the district court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971); *Quaker State Oil v. Garrity Oil,* 884 F.2d 1510, 1517 (1st Cir.1989).

District courts may deny leave to amend where the motion is made after an inordinate delay, the movant offers no adequate excuse for the delay, and the nonmovant would suffer undue prejudice. *See, e.g., Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990); *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wassau,* 786 F.2d 101, 103 (2d Cir.1986); *Manzoli v. Commissioner of Internal Revenue,* 904 F.2d 101, 107 (1st Cir.1990); *Johnson v. Methodist Med. Ctr. of Ill.,* 10 F.3d 1300, 1303-04 (7th Cir.1993). Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay, *see Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46-48 (2d Cir.1983); *Grant v. News Group Boston, Inc.,* 55 F.3d 1, 5-6 (1st Cir.1995), and the courts may conclude that ignorance of the law is an unsatisfactory excuse. *See Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976).

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 3
1999 WL 20907 (D.Conn.)
**(Cite as: 1999 WL 20907 (D.Conn.))**

*Workers,* 781 F.2d 1393, 1398 (9th Cir.1986) (affirming denial of leave to add a new claim known since the beginning of the case); *accord Evans,* 704 F.2d at 46-48 (affirming denial of leave to amend where defendant sought to add an affirmative defense it could have asserted over two years earlier). While mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for denial of leave to amend, *see State Teachers Retirement Bd. v. Fluor Corp .,* 654 F.2d 843, 856 (2d Cir.1981), the "longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (quoting *Evans,* 704 F.2d at 47).

Perhaps the most important reason for denying leave to amend occurs when the opposing party will be unduly prejudiced by an amendment to the pleading. *See Marine Midland Bank v. Keplinger & Assocs., Inc.,* 94 F.R.D. 101, 103 (S.D.N.Y.1982). Courts evaluate undue prejudice by considering whether the amendment would: (1) require the opponent to spend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *See Block,* 988 F.2d at 350; *Tokio Marine & Fire Ins.,* 786 F.2d at 103. In this regard, courts must closely examine the nonmoving party's time and expenses spent preparing for trial in reliance on prior pleadings and the potential expenses necessary to address issues raised by the proposed amendments. *See Zenith Radio,* 401 U.S. at 330- 31. The burdens on the nonmoving party may be substantial where a proposed amended complaint asserts new theories of liability or "brings in additional actors" who "took alleged actions or (inactions) that are distinct from the allegations raised in the" prior complaint. *Johnson,* 10 F.3d at 1304.

**\*4** The classic situation where courts deny leave to amend arises when a party files a Rule 15(a) motion *after* discovery has been completed or the nonmoving party has filed for summary judgment. *See, e.g., Cresswell,* 922 F.2d at 72 (affirming denial of leave to file third amended complaint after the nonmovant had filed for summary judgment and discovery had been completed, and more than 17 months after commencement of the action); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of leave to amend where proposed new claims were raised after discovery had been completed and nonmoving party had filed for summary judgment); *Overseas Inns S.A. P.A. v.*

*United States,* 911 F.2d 1146, 1151 (5th Cir.1990) (affirming denial of leave to amend where motion was filed two and a half years after commencement of the action, after the opposing party had moved for summary judgment, and extensive pre-trial proceedings had taken place); *Grant,* 55 F.3d at 5-6 (affirming denial of leave where plaintiffs filed a Rule 15(a) motion after "discovery was already complete" and the defendant "had nearly completed its motion for summary judgment and undoubtably was well into its trial preparation"). [FN2]

> FN2. *Cf. State Teachers Retirement Bd.,* 654 F.2d at 848, 856 (reversing denial of repleading three years after the complaint had been filed because neither party had filed a summary judgment motion and the amendment would not create a great deal of additional discovery).

II. *New Named Plaintiff*

The Proposed Fourth Amended Complaint adds June Woods as a new named plaintiff. Since this litigation began, the defendants have transferred all but one of the individual named plaintiffs from STS into a community placement. Plaintiffs argue that this places their case in jeopardy because several of their claims focus on community placement issues. Without a new named plaintiff, the plaintiffs could be left without a named plaintiff with representative claims of the class, after over four years of litigation. The Court agrees.

Although plaintiffs filed this amendment late in the litigation, they possess a satisfactory explanation for the delay--the defendants have placed all but one of the named plaintiffs in the community, thereby jeopardizing the future certification of the plaintiff class regarding claims based on community placement issues. More importantly, the defendants will suffer little prejudice from the addition of a named plaintiff. The amendment will not cause the defendants to spend significant additional resources to conduct further discovery and prepare for trial. Moreover, the amendment will not significantly delay the resolution of this suit. Finally, the addition of a named plaintiff will have no impact on the outcome of the Court's ruling on the parties' cross-motions for summary judgment. As a result, the Court will allow plaintiffs to amend their Complaint for the sole purpose of adding June Woods as a named plaintiff.

III. *All Other Changes*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
1999 WL 20907 (D.Conn.)  
**(Cite as: 1999 WL 20907 (D.Conn.))**

Page 4

On the other hand, the Court denies plaintiffs' motion to amend their Complaint to include any other changes made in the Proposed Fourth Amended Complaint. In this regard, the Proposed Fourth Amended Complaint contains two substantive changes from the Third Amended Complaint. First, while the Third Amended Complaint charges DPH with a violation of due process based on the agency's policies governing the issuance of DNR orders, (Third Am. Compl. ¶ ¶ 76, 86(j)), the Proposed Fourth Amended Complaint expands this claim to include all "defendants." (Proposed Fourth Am. Compl. ¶ 95(j).) In addition, the Proposed Fourth Amended Complaint expands this claim from DNR orders written on "nonterminally ill classmembers" to include an order for any class member. Second, the Proposed Fourth Amended Complaint asserts a new claim that DMR, DPH, and DSS violate the Medicaid Act by "failing to provide written documentation of the policy on advance directives to classmembers and their guardians and obtain informed consent to DNR procedures when used on classmembers." (Proposed Fourth Am. Compl. ¶ 97.) The Court refuses to allow these amendments because they have been filed at a late stage of litigation without an adequate explanation, they would require additional discovery and would result in an unnecessary delay of trial, and they would unfairly prejudice the defendants who relied upon prior pleadings in constructing their motions for summary judgment.

\*5 "There must be a point at which plaintiff makes a commitment to the theory of its case." *Johnson, 10 F.3d at 1304*. The Proposed Fourth Amended Complaint asserts a new theory of liability based on the Medicaid Act and brings in additional actors who took alleged actions or inactions that are distinct from the allegations raised in the Third Amended Complaint. However, plaintiffs could have asserted the new legal theories and allegations contained in the Proposed Fourth Amended Complaint *before* all of the parties filed cross-motions for summary judgment. See *Acri, 781 F.2d at 1398-99; Evans, 704 F.2d at 46-48*. Plaintiffs have had over four years and the benefit of substantial discovery, as well as several extensions of time, to construct their case to be tested at trial. In sum, plaintiffs filed these amendments after the defendants moved for summary judgment and most discovery was completed, without an adequate explanation for the delay.

The changes in the Proposed Amended Complaint also would unfairly prejudice the defendants in several ways. First, discovery would have to be reopened in order to allow the defendants to respond to the new allegations that were not contained in the Third Amended Complaint. As a result, the defendants would be forced to expend significant additional resources. See *Zenith Radio, 401 U.S. at 330-31; Block, 988 F.2d at 350*. Furthermore, this necessarily would cause a delay in trial. See *Tokio Marine & Fire Ins., 786 F.2d at 103*. Second, the amendments would allow plaintiffs to avoid summary judgment when the defendants filed these motions in reliance upon prior pleadings. Indeed, courts repeatedly prevent plaintiffs from using Rule 15(a) to avoid summary judgment. See, e.g., *Schlacter-Jones v. General Tele. of Cal., 936 F.2d 435, 443 (9th Cir.1991)* (affirming denial of repleading more than one year after commencement of the action, where the nonmovant had filed for summary judgment and the parties had conducted discovery); *Johnson, 10 F.3d at 1303-04* (affirming denial of leave to file a third amended complaint four years after suit was begun, where the defendant had moved for summary judgment and additional discovery would be required); *Acri, 781 F.2d at 1398-99* (affirming denial of Rule 15(a) motion "brought to avoid the possibility of an adverse summary judgment ruling" and that would have required "further discovery").

For these reasons, the Court denies plaintiffs' motion to amend their Complaint to incorporate any changes made in their Proposed Fourth Amended Complaint other than the addition of a new named plaintiff.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend [Doc. No. 389] is granted in part and denied in part. The Court's ruling may be summarized as follows: (1) plaintiffs may amend their Complaint to add June Woods as a new named plaintiff; and (2) plaintiffs may not amend their Complaint to incorporate any other changes made in their Proposed Fourth Amended Complaint. Hence, with the exception of the addition of June Woods, the Third Amended Complaint remains the operative document.

\*6 SO ORDERED.

1999 WL 20907 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**
• 3:94CV01706 (Docket) (Oct. 06, 1994)

END OF DOCUMENT

Not Reported in F.Supp.2d
1999 WL 20907 (D.Conn.)
**(Cite as: 1999 WL 20907 (D.Conn.))**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.