# EXHIBIT C

```
                                                                    1


  1   UNITED STATES DISTRICT COURT

  2   DISTRICT OF CONNECTICUT

  3   ------------------------------------------ X

  4   MCCARTHY, ET AL,

  5                         Plaintiffs,

  6         - against  -

  7   DUN AND BRADSTREET, ET AL,

  8
                            Defendants.
  9   ------------------------------------------X

 10                     Examination of EDWARD W. BROWN
                        Milliman USA
 11                     4 Corporate Plaza
                        250 Washington Ave. Ext.
 12                     Albany, New York   12203

 13                     October 6, 2004 at 10:00

 14   APPEARANCES:        By Phone:
                        MOUKAWSHER & WALSH, LLC
 15                     THOMAS MOUKAWSHER, Esq., of Counsel
                        21 Oak Street
 16                     Hartford, Connecticut 06106
                        Attorneys for Plaintiffs
 17
                        PAUL, HASTINGS, JANOFSKY & WALKER,
 18                     PATRICK W. SHEA, Esq., of Counsel
                        1055 Washington Blvd - 9th Floor
 19                     Stamford, Connecticut   06901-2217
                        Attorneys for Defendants
 20

 21

 22

 23

 24

 25
```

74

1   A.  Yes, I think it's 93.  Yes, 93.
2   Q.  Is there a 94 GAR?
3   A.  There could be. It's either 93 or 94.
4   Q.  Okay. In accordance with professional actuarial
5   standards, those are three you would deem appropriate to
6   use in determining actuarial equivalence?
7           MR. SHEA:  I object.  The witness is not
8   here to express any opinion on mortality tables.  I
9   think, therefore, that exceeds the scope of the report.
10  I'll let you go on with it a little bit.  At some point
11  I have a protective order if you turn it into a
12  deposition not about the opinion the witness has been
13  retained to testify on, but on a separate issue that is
14  not mentioned in the complaint, not mentioned at the
15  motion to dismiss stage that led to this round of
16  briefing, and is not in the case.
17  Q.  Do you remember my question, Mr. Brown?
18  A.  Could you repeat it again?
19  Q.  If you were to determine actuarial equivalency
20  today for an early retirement benefit you'd testify that
21  in accordance with sound actuarial principals you would
22  use the GATT table, 94 GAR -- or 93, you think it might
23  be -- and then you mentioned one other, RP 2000?
24  A.  That's correct.
25  Q.  Those would be the three options you would