# EXHIBIT D

LEXSEE 2004 U.S. DIST. LEXIS 3351, 2-3

**WILLIAM E. CALLAHAN, Plaintiff v. UNISOURCE WORLDWIDE, INC., ET AL., Defendants.**

Civil Action No. 3:01 CV 1205 (CFD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2004 U.S. Dist. LEXIS 3351

**February 24, 2004, Filed**

**PRIOR HISTORY:** Callahan v. Unisource Worldwide, 2003 U.S. Dist. LEXIS 4787 (D. Conn., Mar. 27, 2003)

**DISPOSITION:** Multiple motions ruled upon.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1]  For William E. Callahan, Plaintiff: Andrew B. Bowman, Law Offices Of Andrew Bowman, Westport, CT.

For Unisource Worldwide, Inc., Defendant: Felix J Springer, Day, Berry & Howard-Htfd-CT, Hartford, CT. Jennifer L. Sachs, Day, Berry & Howard, Stamford, CT. Rayne Rasty, Atlanta, GA.

For Georgia Pacific Corp, Defendant: Felix J Springer, Day, Berry & Howard-Htfd-CT, Hartford, CT. Jennifer L. Sachs, Day, Berry & Howard, Stamford, CT. Rayne Rasty, Atlanta, GA.

For Alco Standard Corp., Defendant: Joseph J. Costello, Kay Kyungsun Yu, Morgan, Lewis & Bockius LLP, Philidelphia, PA. Patrick M. Fahey, Robert L. Wyld, Shipman & Goodwin, Hartford, CT. Susan Elizabeth Hamilton, Morgan, Lewis & Bockius LLP, Philadelphia, PA.

For Ikon Office Solution, Defendant: Joseph J. Costello, Kay Kyungsun Yu, Morgan, Lewis & Bockius LLP, Philidelphia, PA. Patrick M. Fahey, Robert L. Wyld, Shipman & Goodwin, Hartford, CT. Susan Elizabeth Hamilton, Morgan, Lewis & Bockius LLP, Philadelphia, PA.

**JUDGES:** CHRISTOPHER F. DRONEY, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** CHRISTOPHER F. DRONEY

**OPINION:** RULING

Pending before the Court are the following motions plaintiff's motion for leave to file amended [*2] complaint [Doc. # 40], plaintiff's motion to quash [Doc. # 44], defendants' motion to quash [Doc. # 47], defendants' motion for permission to file motion and memorandum for partial summary judgment [Doc. # 50], plaintiffs' motion to consolidate for discovery purposes [Doc. # 53], plaintiff's motion to compel [Doc. # 55], plaintiff's motion for extension of time [Doc. # 56], and defendants' motion for extension of time [Doc. # 62].

I. Motion for Leave to File Amended Complaint [Doc. # 40]

The plaintiff filed a motion for leave to file an amended complaint to add an ERISA count. In support of his motion, the plaintiff argues that this added count is similar to the ERISA count in the case of Paneccasio v. Unisource Worldwide, et al, 3:01CV2065(CFD) , which has virtually identical defendants and counsel. He also argued that leave to file the amendment had been anticipated by the parties since this Court's ruling on motions to dismiss on March 27, 2003 . Finally, he argued that there is no prejudice to the defendants by permitting the amended complaint.

a. Standard

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) [*3] provides that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

A motion for leave to amend the complaint can be denied, however, if the defendant demonstrates undue

delay in filing the amended complaint, undue prejudice if the amended complaint is permitted, or the futility of the amendment. Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim. Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Where a scheduling order has been entered, as is the case here, the lenient standard under Rule 15, which provides that leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) of the Federal Rules of Civil Procedure [*4] that the Court's scheduling order "shall not be modified except upon a showing of good cause." Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)). "A finding of good cause depends on the diligence of the moving party." Id. (citations omitted).

### b. Discussion

The Court's scheduling order of February 25, 2002 permitted the plaintiff to file an amended complaint within 30 days of the Court's ruling on the motions to dismiss on March 27, 2003, which was April 27, 2003. However, the plaintiff filed the motion for leave to amend the complaint on August 8, 2003. Although plaintiff's counsel did not fully explain his reason for the delay in filing the motion, in plaintiff's motion for extension of time [Doc. # 56], Attorney Bowman asserted that the extension of time is sought due to his extraordinary trial commitments over the past eight months in the United States v. Giordano federal criminal trial. In light of plaintiff's counsel's trial commitments in that case, the Court finds good cause for the delay.

In addition, the Court concludes that the [*5] allegations of the proposed amended complaint are sufficient to withstand a motion to dismiss for failure to state a claim. Thus, the proposed amendment is not futile. n1 Finally, the Court finds that the defendants will suffer minimal prejudice in light of their involvement in discovery in the Paneccasio case. Accordingly, the motion for leave to file amended complaint [Doc. # 40] is GRANTED.

n1 This is without prejudice to the defendants filing a motion for summary judgment on those issues.

### II. Motion to Consolidate for Discovery Purposes (Doc.# 53)

The plaintiff filed a motion to consolidate with the case of Paneccasio v. Unisource Worldwide, et al, 3:01CV2065(CFD) for discovery purposes based on the similarities in their two cases - common causes of action, common defendants, and common witnesses.

A motion to consolidate is governed by Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) provides that "when actions involving a common question [*6] of law or fact are pending before the court . . . it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Here, both Callahan v. Unisource Worldwide, et al, 3: 01CV1205 and Paneccasio v. Unisource Worldwide, et al, 3:01CV2065(CFD) involve allegations of age discrimination under the Age Discrimination in Employment Act, both plaintiffs were employees of Unisource and participants in the 1991 Deferred Compensation Plan, four defendants are common in both cases, the plaintiffs are represented by the same counsel, and the defendants are represented by the same counsel. In addition, both cases are at the same stage in discovery. As there are common factual and legal issues in these two cases, plaintiff's motion to consolidate for discovery purposes [Doc. # 53] is GRANTED.

### III. Other Pending Motions [Docs. # 44, 47, 50, 55, 56, 62]

Plaintiff's motion to quash subpoena duces tecum [Doc. # 44] is DENIED AS MOOT. Defendants' motion to quash [Doc. # 47] is DENIED. Defendants' motion for permission to file motion for partial summary judgment [Doc. # 50] is DENIED without prejudice to renewal upon completion [*7] of discovery. Plaintiff's motion to compel [Doc. # 55] is GRANTED. Plaintiff's motion for extension of time [Doc. # 56] is GRANTED, AS MODIFIED: discovery by all parties must be completed by April 30, 2004. Defendants' motion for extension of time [Doc. # 62] is GRANTED, absent objection.

SO ORDERED this _____ day of February 2004, at Hartford, Connecticut.

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**