**H**
**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

ONDEO NALCO COMPANY, a Delaware
Corporation, Plaintiff,
v.
EKA CHEMICALS, INC., a Delaware Corporation,
Defendant.

No. Civ.A. 01-537-SLR.

March 21, 2003.

Robert W. Whetzel, and Steven J. Fineman, of Richards, Layton & Finger, P.A., Wilmington, Delaware, Michael Dockterman, John S. Letchinger, Heather A. Boice, and Jonathan A. Harris, of Wildman, Harrold, Allen & Dixon, Chicago, Illinois, for Plaintiff, of counsel.

Josy W. Ingersoll, of Young, Conaway, Stargatt & Taylor, L.P., Wilmington, Delaware, Richard L. DeLucia, and Michael D. Loughnane, of Kenyon & Kenyon, New York, New York, for Eka, of counsel.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 On August 10, 2001, plaintiff ONDEO Nalco Company ("Nalco") filed this action against defendant Eka Chemicals, Inc. ("Eka") seeking a declaratory judgment that its 8692 product does not infringe U.S. Patent Nos. 4,385,961 ("the '961 patent"), 4,388,150 ("the '150 patent"), or 5,603,805 ("the '805 patent"), owned by Eka. (D.I.1) On October 5, 2001, Eka answered and counterclaimed with allegations of infringement and willful infringement of the '150 and '805 patents. (D.I.15) Nalco subsequently answered Eka's counterclaims and asserted a number of affirmative defenses. (D.I.81) This court has jurisdiction pursuant to 28 U.S.C. § § 1331, 1338(a).

Presently before the court are various motions. For the reasons that follow: Nalco's motion for ruling on claim construction (D.I.161) is denied as moot; Eka's motion for partial summary judgment of infringement (D.I.166) is granted; Eka's motion for summary judgment that sales of its BMA-0 product do not invalidate the '805 patent (D.I.154) is denied; Eka's motion to strike Nalco's patent law expert's report (D.I.141) is granted; Eka's motion for summary judgment of no inequitable conduct (D.I.157) is denied; and Nalco's motion for summary judgment (D.I.162) is granted in part and denied in part.

II. BACKGROUND

A. The Parties

Eka is a Delaware corporation and the assignee of the '961 patent entitled "Papermaking." Eka is also the assignee of the '150 and '805 patents entitled "Papermaking and Products Made Thereby" and "Silica Sols and Use of the Sols," respectively. Utilizing the technologies of the '961, '150, and '805 patents, Eka has developed papermaking systems and manufactures and sells chemicals used in the papermaking process.

Nalco is a Delaware corporation that also manufactures chemicals for use in the papermaking industry. One of the products Nalco manufactures is its 8692 product, the accused product. This product has been offered for sale in the United States since 1998.

B. The Technologies

The technologies at issue in this case relate to processes of papermaking and the chemicals used in this process. The '805 patent is directed to silica sols and processes using silica sols in the production of paper for improved retention of additives and fines in the paper, as well as improved dewatering in the production process. The '961 and '150 patents are directed to processes of making paper using a binder comprised of cationic starch and colloidal silicic acid, resulting in increased strength and improved levels of retention of additives and fines in the paper.

III. STANDARD OF REVIEW

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted).

*2 If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial." ' *Matsushita,* 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

IV. DISCUSSION

A. Nalco's Motion for Ruling on Claim Construction

Given the court's claim construction order dated March 21, 2003, Nalco's motion for ruling on claim construction is denied as moot.

B. Eka's Motion for Partial Summary Judgment of Infringement

Eka moves for partial summary judgment that 20 specific sales of Nalco's 8692 product literally infringed claim 3 of the '805 patent. (D.I.167) Claim 3 is dependent on claim 1 and claims:
  1. Silica sols having an S-value within the range from 15 to 40 percent comprising anionic silica particles, said silica particles being non-aluminum modified, and having a specific surface area within the range of from 300 to 700 m2/g.
  3. The silica sols of claim 1 wherein the sol has an S-value within the range of from 15 to 35 percent.

According to the parties, "the only issues in dispute are whether the particles in Nalco's 8692 product are silica particles and, if so, whether the surface area for the silica particles corrected for boron falls within the claimed range when the Nalco 8692 product is sold and/or used." (D.I. 167 at 22)

In its claim construction order, the court construed the term "silica particles" in the '805 patent as "particles of SiO2, which may include other elements, compounds or substances as well." The term "non-aluminum modified" was construed to mean silica particles that "have not been surface modified with aluminum." Under this construction, Nalco's 8692 product literally infringes the "silica particles" limitation of claim 3 of the '805 patent.

Eka goes on to argue that under the proper surface area measurement techniques, i.e., the Sears method, the surface area of the 8692 product likewise falls within the required range of claim 3. Both parties agree that the surface area measurements must be corrected to account for the presence of boron in the liquid phase of the silica sols in accordance with the Sears method. The parties, however, differ in the amount of correction that must be made. Eka's expert states that a downward correction of 191 m2/g should be made. (D.I. 168 at A60) Nalco's expert states that the correction should only be 55 m2/g. (D.I. 169 at A315) Eka argues that even accepting the lower correction figure offered by Nalco, it is undisputed from Nalco's own surface area and sales data that it sold infringing products on at least 20 occasions. (D.I. 169 at A629)

*3 Nalco does not dispute the surface area data or the sales data for these specific products. The court, after viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion, concludes that the 20 sales identified by Eka were infringing sales; therefore, Eka's motion for summary judgment shall be granted on this issue.

C. Eka's Motion for Summary Judgment That Sales of its BMA-0 Product Do Not Invalidate the '805 Patent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Eka moves for summary judgment that sales of its BMA-0 product do not invalidate the '805 patent, presumably under 35 U.S.C. § 102(b). [FN1] (D.I.155) The thrust of Eka's argument is that claim 3 of the '805 patent requires a silica sol with an S-value of 40% or less and Nalco has not shown any evidence that the BMA-0 product sold before 1992 had an S-value in this range.

> FN1. In its brief, Eka does not argue validity with respect to any specific statutory provision. Since its brief only discusses the sale of its BMA-0 product as non-invalidating, the court assumes Eka is referring to the on-sale bar of § 102(b).

Reviewing the record submitted, it is undisputed that the BMA-0 product meets all the limitations of claim 3 of the '805 patent other than the S-value range. Eka directs the court to pre-1992 documents which report S-values for the BMA-0 product from 50% to 90%, depending on how the product was made. Nalco relies on a May 1992 document reporting S-values for BMA-0 of 31% and 47%, the former being within the claimed range of 15% to 35%, and asserts that Eka has not produced all relevant documents in this regard.

The court concludes that Eka has failed to carry its burden of proof on this issue. The document relied on by Nalco to show that the BMA-0 product had an S-value of 31% creates a genuine issue of material fact appropriately left for a jury to resolve. The court further concludes that Nalco has failed to demonstrate that Eka's production was so deficient as to warrant a negative inference. As such, Nalco's request that a negative inference be drawn is denied.

D. Eka's Motion to Strike Nalco's Patent Law Expert's Report

Eka moves to strike the expert report of Gerald H. Bjorge, Esquire, on the grounds that it offers legal analysis and opinion which is contrary to this court's standing guidelines on the appropriate scope of patent law expert testimony. (D.I.142) Eka contends that Mr. Bjorge, a patent attorney, is not a technical expert in the relevant field and cannot provide expert testimony on any aspect of papermaking or papermaking chemistry. In his expert report, Mr. Bjorge "walks through" the file history of the '805 patent and opines as to how the United States Patent and Trademark Office would have responded had certain prior art been disclosed to it during the prosecution of the '805 patent.

Having reviewed the report, the court concludes that the content exceeds the permissible scope of a patent law expert's testimony. Therefore, the report and testimony based on said report is stricken.

E. Eka's Motion for Summary Judgment of No Inequitable Conduct

Eka moves the court for summary judgment of no inequitable conduct in the procurement of the '805 patent. (D.I.158) In support of its motion, Eka contends that Nalco never pled the four inequitable conduct claims it raised for the first time in Mr. Bjorge's expert report. Rather, the only inequitable conduct charges in the pleadings are those found in the first amended complaint. Since Nalco chose not to include in its pleadings any of the allegations of inequitable conduct now raised in its expert report, it should be barred from raising these claims at trial.

*4 Nalco argues that it pled the affirmative defense of inequitable conduct in its answer and since Eka failed to seek a more definite statement of the charges until now, it has waived its objection. The proper remedy for insufficient pleading is a Rule 12(f) motion to strike or a Rule 12(e) motion for a more definite statement. Nalco contends that had either of these motions been made by Eka, the pleading could have been cured.

The court agrees that the proper vehicle for curing pleading deficiencies is by a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e) or by a motion to strike pursuant to Fed.R.Civ.P. 12(f). See EMC Corp. v. Storage Tech. Corp., 921 F.Supp. 1261 (D.Del.1996). In the absence of such a motion, the question becomes whether there has been sufficient notice to the opposing party of the specific inequitable conduct allegations to allow for full and fair discovery of such. In this case, certain of the specific allegations of inequitable conduct are contained only in an expert report now stricken from the record, as would the testimony based on said report. Under the circumstances, Eka's motion for summary judgment is granted as to the four theories addressed in the expert report. The motion is denied, however, as to the inequitable conduct allegations properly pled in the amended complaint.

F. Nalco's Motion for Summary Judgment of Non-infringement and Invalidity

1. Non-infringement

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Nalco moves for summary judgment that its 8692 product does not infringe any of the patents in suit either literally or under the doctrine of equivalents. (D.I.163) With respect to the '805 patent, as noted above, the court adopted a broader construction of the "silica particles" and "silica sols" limitations than that proposed by Nalco. Under the court's construction, Nalco's 8692 product literally infringes these limitations.

Nalco further contends, however, that its 8692 product does not meet the surface area limitations of claim 3 of the '805 patent. In support of its argument, Nalco asserts that at the time of manufacture, the 8692 product particles have a surface area outside the range of the claim limitation. Furthermore, Nalco argues that there is no evidence of record demonstrating that its customers store the 8692 product long enough to cause a drop in surface area to a range falling within the claim limitations. Not surprisingly, Eka disputes this allegation and points to the report of one of its experts concluding that the majority of sales of the 8692 product fall within the range of the surface area limitation of claim 3 of the '805 patent.

Viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Eka, as it must on summary judgment, the court concludes that there is a genuine issue of material fact as to whether or not the 8692 product, as manufactured or stored, meets the surface area limitations of claim 3 of the '805 patent. Therefore, Nalco's motion is denied as to this issue.

*5 Nalco also argues that its 8692 product does not meet the "papermaking" limitation of the '150 patent because it does not itself manufacture paper. Additionally, Nalco argues that it does not indirectly infringe the '150 patent by selling the 8692 product to papermakers since there can be no indirect infringement without proof of direct infringement.

Eka refers to Nalco's own 30(b)(6) discovery information as illustrating that Nalco's customers use the 8692 product in an infringing manner and that, viewing the evidence in a light most favorable to Eka, there is sufficient evidence of record to demonstrate a genuine issue of material fact. The court agrees and declines to grant Nalco's motion on this issue.

Nalco finally argues that the court should grant summary judgment of non-infringement of the patents in suit under the doctrine of equivalents because Eka has not supplied any evidence or theory on equivalents and, furthermore, it is barred by the doctrine of prosecution history estoppel from asserting equivalents with respect to the "non-aluminum modified" limitation in the '805 patent.

Upon review of the evidence of record, the court agrees with Nalco that Eka has failed to provide sufficient evidence to support a theory of infringement under the doctrine of equivalents. [FN2] Therefore, Nalco's motion of summary judgment of non-infringement under the doctrine of equivalents is granted.

> FN2. The court finds an expert's conclusory reference to the phrase "insubstantial difference," without more, is an insufficient doctrine of equivalents analysis.

2. Invalidity

a. Obviousness

Nalco argues that claim 3 of the '805 patent is obvious in light of U.S. Patent No. 2,750,345 ("the '345 patent"). [FN3] (D.I.163) The '345 patent discloses an S-value of 40% and claim 3 requires an S-value of between 15% and 35%. Nalco asserts that the claimed range and the range disclosed in the prior art are close enough that a person of ordinary skill in the art would expect the silica sols disclosed in the '805 patent to have the same properties as the silica sols disclosed in the '345 patent. As further support of this position, there is record evidence indicating that fluctuations in S-value of 5% or more do not affect the performance of silica sols in the presence of cationic starch.

> FN3. Nalco argues that claims 1, 2 and 4 are anticipated under 35 U.S.C. § 102(b), however, Eka subsequently stipulated that it would not be asserting claims 1, 2, 4, 6 or 8 against the 8692 product either now or in the future. As such, the court will not address this argument.

Eka counters with the assertion that the '345 patent teaches away from having a low S-value and specifically prefers silica particles in which the degree of aggregations is minimal, i.e., a high S-value. In contrast, the '805 patent expressly teaches that a lower S-value is preferred.

The court concludes that upon viewing the facts and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

evidence in a light most favorable to Eka, entry of a summary judgment on the issue of obviousness is not warranted. It is evident that the '345 patent teaches a silica sol with S-values of 40% to 90%, preferably 70% to 90%. ('345 patent, col. 7, ll. 45- 50) Furthermore, the '345 patent specifically states that "[i]t is particularly preferred to employ silica sols in which the degree of aggregation is at a minimum" and "[t]he gel content of preferred products is not in excess of an amount equivalent to a percent solids, in the dispersed phase, of 40 per cent ..." ('345 patent, col. 3, ll. 45-47; col. 7, ll. 52-55) Both of these statements teach that a higher S-value is preferred. It is equally evident that the '805 patent teaches that silica sols with a high microgel content, i.e., a low S-value of preferably between 15-35%, provide "a substantially improved effect" with respect to retention and dewatering in paper. ('805 patent, col. 1, ll. 51-60)

*6 Given the record, the court finds that there is a genuine issue of material fact as to whether a person of ordinary skill in the art would consider the '805 patent obvious in light of the '345 patent.

b. Enablement

Nalco argues that the '805 patent is invalid for lack of enablement under 35 U.S.C. § 112, § 1. In support of this argument, it provides the expert report of Dr. Robert Pelton. In his report, Dr. Pelton summarily states that in several experiments done at his request, a colleague was unable to make the silica sols of the '805 invention following the specification.

Eka attacks this argument as inadmissible hearsay since Dr. Pelton apparently did not oversee the experiments and had no idea of how the experiments were done or even if they were done. Furthermore, no experimental data or information regarding the alleged "experiments" was provided so that Eka could test Dr. Pelton's data and opinions.

The court concludes that Dr. Pelton's report regarding enablement is inadequate to support Nalco's enablement defense. Therefore, Nalco's motion is denied in this regard and that part of Dr. Pelton's report and testimony is stricken.

c. Inequitable conduct

Nalco argues that the '805 patent is unenforceable due to Eka's inequitable conduct in procuring the patent. In support of its argument, Nalco relies on a 1996 article authored by two inventors of the '805 patent. As discussed above, however, the allegations of inequitable conduct based on this article were never pled by Nalco and the expert report expounding these theories has been stricken. Therefore, summary judgment of inequitable conduct based on this reference is denied.

V. CONCLUSION

For the reasons stated: Nalco's motion for ruling on claim construction (D.I.161) is denied as moot; Eka's motion for partial summary judgment of infringement (D.I.166) is granted; Eka's motion for summary judgment that sales of its BMA-0 product do not invalidate the '805 patent (D.I.154) is denied; Eka's motion to strike Nalco's patent law expert's report (D.I.141) is granted; Eka's motion for summary judgment of no inequitable conduct (D.I.157) is denied; and Nalco's motion for summary judgment (D.I.162) is granted in part and denied in part. An appropriate order shall issue.

ORDER

At Wilmington, this 21st day of March, 2003, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that:

1. Nalco's motion for ruling on claim construction (D.I.161) is denied as moot.

2. Eka's motion for partial summary judgment of infringement (D.I.166) is granted.

3. Eka's motion for summary judgment that sales of its BMA-0 product do not invalidate the '805 patent (D.I.154) is denied.

4. Eka's motion to strike Nalco's patent law expert's report (D.I.141) is granted.

5. Eka's motion for summary judgment of no inequitable conduct (D.I. 157) is denied.

6. Nalco's motion for summary judgment (D.I.162) is granted in part and denied in part.

2003 WL 1524658 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

.     1:01CV00537    (Docket) (Aug. 10, 2001)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 1524658 (D.Del.)
**(Cite as: 2003 WL 1524658 (D.Del.))**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.