Westlaw.

Notice 96-8
Notice 96-8, 1996-1 C.B. 359, 1996-6 I.R.B. 23, 1996 WL 17901 (IRS NOT)    Page 1

C

Internal Revenue Service (I.R.S.)

Notice

CASH BALANCE PENSION PLANS

Released: January 18, 1996

Published: February 5, 1996

   Determining amount of single sum distributions from cash balance plans. This notice provides guidance concerning the requirements of section 411(a) and 417(e) with respect to the determination of the amount of a single sum distribution from a cash balance plan. The notice also describes proposed guidance to be issued later in regulations that would provide a list of standard indices and associated margins for use by cash balance plans in determining the amount of interest credits.

I. Purpose

   This notice describes and requests comments on proposed guidance concerning the application of sections 411 and 417(e) to single sum distributions under defined benefit pension plans that are cash balance plans. The proposed guidance is being described in this notice in order to permit advance public comment in anticipation of the publication of regulations that incorporate the proposed guidance.

II. Background

A. General description of cash balance plans

   In general terms, a cash balance plan is a defined benefit pension plan that defines benefits for each employee by reference to the amount of the employee's hypothetical account balance. An employee's hypothetical account balance is credited with hypothetical allocations and hypothetical earnings determined under a formula selected by the employer and set forth in the plan. These hypothetical allocations and hypothetical earnings are designed to mimic the allocations of actual contributions and actual earnings to an employee's account that would occur under a defined contribution plan. Cash balance plans often specify that hypothetical earnings (referred to in this notice as interest credits) are determined using an interest rate or rate of return under a variable outside index (e.g., the annual yield on one-year Treasury securities). Most cash balance plans also are designed to permit, after termination of employment, a distribution of an employee's entire accrued benefit in the form of a single sum distribution equal to the employee's hypothetical account balance as of the date of the distribution. Many cash balance plans also provide that if distribution is in the form of an annuity, the amount of the annuity is determined by dividing the hypothetical account balance by an annuity conversion factor.

   As explained below, in order to comply with sections 411(a) and 417(e) in calculating the amount of a single sum distribution under a cash balance plan, the balance of the employee's hypothetical account must be projected to normal

©   2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

retirement age and then the employee must be paid at least the present value, determined in accordance with section 417(e), of that projected hypothetical account balance. If a cash balance plan provides interest credits using an interest rate that is higher than the section 417(e) applicable interest rate, payment of a single sum distribution equal to the hypothetical account balance as a complete distribution of the employee's accrued benefit may result either in a violation of section 417(e) or a forfeiture in violation of section 411(a). This is because, in such a case, the present value of the employee's accrued benefit, determined using the section 417(e) applicable interest rate, will generally exceed the hypothetical account balance. The following example illustrates this potential problem.

Example. A cash balance plan provides for interest credits at a fixed rate of 8% per annum that are not conditioned on continued employment, and for annuity conversions using the section 417(e) applicable interest rate and mortality table. A fully vested employee with a hypothetical account balance of $45,000 terminates employment at age 45 and elects an immediate single sum distribution. At the time of the employee's termination, the section 417(e) applicable interest rate is 6.5%.

The projected balance of the employee's hypothetical account as of normal retirement age is $209,743. If $209,743 is discounted to age 45 at 6.5% (the section 417(e) applicable interest rate), the present value equals $59,524.

Accordingly, if the plan paid the hypothetical account balance of $45,000, instead of $59,524, the employee would receive $14,524 less than the amount to which the employee is entitled.

Even if a cash balance plan provides interest credits using an interest rate that exceeds the section 417(e) applicable interest rate, the plan can satisfy sections 417(e) and 411(a). Such a plan would provide that the amount of any single sum distribution is equal to the present value of the employee's accrued benefit determined in a manner that satisfies sections 411(a) and 417(e) even if the amount of the single sum exceeds the employee's hypothetical account balance. Thus, in the example above, the plan would satisfy sections 411(a) and 417(e) if the employee received a single sum distribution of $59,524 (the present value of the employee's accrued benefit) rather than $45,000 (the employee's hypothetical account balance).

B. Existing regulatory safe harbor for cash balance plans

Section 1.401(a)(4)-8(c) of the Income Tax Regulations, as issued in September 1991, provides a safe harbor testing method for cash balance plans. Under this method, a cash balance plan could be tested for nondiscrimination as though it were a defined contribution plan with actual allocations equal to the amount of the hypothetical allocations credited for the plan year. In order to use the safe harbor, a cash balance plan must satisfy certain design requirements that relate to the accrued benefit and valuation rules that are unique to defined benefit plans.

Comments on the September 1991 regulations expressed concern that the safe harbor plan design requirements reflected an interpretation by the Service and Treasury of the qualification requirements that, in certain cases, would require cash balance plans to pay a single sum distribution in excess of the hypothetical account balance. Guidance was requested on the circumstances in which a cash balance plan (whether or not it qualifies for safe harbor nondiscrimination testing) is permitted to distribute a single sum distribution equal to the hypothetical account balance without violating section 411(a) or 417(e).

When revised regulations under section 401(a)(4) were issued in September 1993, the safe harbor testing method for cash balance plans was left unchanged. The Preamble to those regulations indicated that the safe harbor testing method for cash balance plans had generated significant comment and that further guidance would be issued at a later date.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

III. Analysis

A. Nonforfeiture and accrual rules

A cash balance plan is a defined benefit plan, not a defined contribution plan, because the benefits provided are not based solely on actual contributions and forfeitures allocated to an employee's account and the actual investment experience and expenses of the plan allocated to the account. Section 411(a)(7) defines an employee's accrued benefit differently for defined benefit plans than for defined contribution plans. Also, defined benefit plans are subject to a number of statutory provisions that do not apply to defined contribution plans. These include the rules of section 411(b)(1) that limit "backloading" of accruals; the valuation rules of section 417(e); and the definitely determinable benefits requirement of section 401(a)(25). These provisions limit the extent to which a cash balance plan can mimic the benefit and accrual structure of a defined contribution plan.

Under section 411(a)(2), an employee's accrued benefit must become nonforfeitable in accordance with one of the schedules specified in that section. Under § 1.411(a)-7(a)(1)(ii), the term "accrued benefits" generally refers only to pension or retirement benefits. Under section 411(b)(1), the accrual of the retirement benefits payable at normal retirement age must satisfy one of the rules in section 411(b)(1)(A), (B) or (C).

Under a cash balance plan, the retirement benefits payable at normal retirement age are determined by reference to the hypothetical account balance as of normal retirement age, including benefits attributable to interest credits to that age. Thus, benefits attributable to interest credits must be taken into account in determining whether the accrual of the retirement benefits under a cash balance plan satisfies one of the rules in section 411(b)(1)(A), (B) or (C). Moreover, benefits attributable to interest credits are in the nature of accrued benefits within the meaning of § 1.411(a)-7(a), rather than ancillary benefits, and thus, once accrued, must become nonforfeitable in accordance with a vesting schedule that satisfies section 411(a).

Cash balance plans can be categorized based on when the benefits attributable to interest credits accrue. Under one type of cash balance plan (referred to in this notice as a frontloaded interest credit plan), future interest credits to an employee's hypothetical account balance are not conditioned upon future service. (Of course, benefits attributable to future interest credits may be forfeited in accordance with the plan's vesting provisions, to the extent permitted under section 411.) Thus, in the case of a frontloaded interest credit plan, the benefits attributable to future interest credits with respect to a hypothetical allocation accrue at the same time that the benefits attributable to the hypothetical allocation accrue. As a result, if an employee terminates employment and defers distribution to a later date, interest credits will continue to be credited to that employee's hypothetical account.

A second type of cash balance plan (referred to in this notice as a backloaded interest credit plan) conditions future interest credits upon further service. In the case of a backloaded interest credit plan, benefits attributable to interest credits do not accrue until the interest credits are credited to the employee's account. Because backloaded interest credit plans typically will not satisfy any of the accrual rules in section 411(b)(1)(A), (B) or (C), it is anticipated that the proposed guidance will address only frontloaded interest credit plans.

B. Single sum distributions from frontloaded interest credit plans

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.