As indicated above, most cash balance plans are designed to permit a distribution of an employee's entire accrued benefit, after termination of employment, in the form of a single sum equal to the employee's hypothetical account balance as of the date of the distribution. In order for a defined benefit plan to satisfy section 417(e), any single sum distribution payable to an employee from the plan must not be less than the nonforfeitable portion of the present value of the employee's accrued benefit under section 411(a)(7) (determined using the applicable interest rate and mortality table under section 417(e)).

1. Determination of the accrued benefit

In the case of a frontloaded interest credit plan, an employee's accrued benefit as of any date before attainment of normal retirement age is based on the employee's hypothetical account balance as of normal retirement age, including future interest credits to that age. If such a plan specifies a fixed interest rate for use in determining future interest credits, the employee's hypothetical account balance as of normal retirement age (including future interest credits) can be calculated precisely before normal retirement age. However, if a frontloaded interest credit plan specifies a variable outside index for use in determining the amount of interest credits, the precise dollar amount of an employee's hypothetical account balance as of normal retirement age (including future interest credits to normal retirement age), and thus the precise dollar amount of the employee's accrued benefit as of any date before normal retirement age, cannot be calculated prior to normal retirement age.

A frontloaded interest credit plan that specifies a variable outside index for use in determining the amount of interest credits must prescribe the method for reflecting future interest credits in the calculation of an employee's accrued benefit. In order to comply with section 401(a)(25), the method, including actuarial assumptions, if applicable, must preclude employer discretion. Further, in determining the amount of an employee's accrued benefit, a forfeiture, within the meaning of § 1.411(a)-4T, will result if the value of future interest credits is projected using a rate that understates the value of those credits or if the plan by its terms reduces the interest rate or rate of return used for projecting future interest credits. A forfeiture in violation of section 411(a) also will occur if, in determining the amount of an employee's accrued benefit, future interest credits are not taken into account (i.e., there is no projection of future interest credits) and this has the same effect as using a rate that understates the value of future interest credits.

2. Calculation of the present value of the employee's accrued benefit

In the case of a frontloaded interest credit plan, a single sum distribution optional form of benefit equal to the hypothetical account balance will satisfy section 417(e) only if the single sum distribution is not less than the present value of the employee's accrued benefit calculated in accordance with the applicable interest rate and mortality table under section 417(e)(3). As noted above, the amount of the employee's accrued benefit must be determined using a method of reflecting future interest credits that satisfies section 401(a)(25) and that does not create a forfeiture in violation of section 411(a).

3. Situations in which the present value will not exceed the hypothetical account balance

A frontloaded interest credit plan might provide that the amount of interest credits is determined using a variable interest rate or rate of return that, by its

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

terms, is no greater than the applicable interest rate under section 417(e)(3). For example, a plan that has been amended to comply with the changes to section 417(e) made by the Retirement Protection Act of 1994 (RPA '94) might provide that interest credits are determined using the lesser of the current rate of interest on 30-year Treasury securities or the current yield on 1-year Treasury Constant Maturities. Under such a plan, future interest credits can, without violating section 411(a), be projected to normal retirement age using a rate that is no greater than the applicable interest rate under section 417(e)(3). In that case, assuming that the annuity conversion factor under the plan is not less than the annuity conversion factor determined using the applicable interest rate and mortality table under section 417(e)(3), the employee's hypothetical account balance will equal or exceed the present value of the employee's accrued benefit determined in accordance with section 417(e). Thus, a single sum distribution equal to the employee's hypothetical account balance under such a plan will satisfy sections 411(a) and 417(e).

In other cases, a single sum distribution equal to an employee's hypothetical account balance will satisfy sections 417(e) and 411(a) if (a) the annuity conversion factor is not less than the annuity conversion factor determined using the applicable interest rate and mortality table under section 417(e)(3), (b) under the method for reflecting future interest credits in the calculation of an employee's accrued benefit, the future interest credits are projected using a rate that is no greater that the applicable interest rate under section 417(e)(3), and (c) this projection does not result in a forfeiture in violation of section 411(a).

By contrast, if the interest rate or rate of return under the plan used in determining the amount of interest credits is high relative to the section 417(e)(3) interest rate, the plan cannot distribute a single sum equal to the employee's hypothetical account balance and satisfy sections 411(a) and 417(e). If such a plan provided that, in determining an employee's accrued benefit, the rate used for projecting the amount of future interest credits was no greater than the interest rate under section 417(e)(3), the projection would result in a forfeiture. Alternatively, if the plan provided for interest credits to be projected using a rate that exceeded the section 417(e) interest rate but then provided for the benefit to be discounted using that same higher rate, the plan would violate section 417(e).

C. Effect of defining the accrued benefit as the hypothetical account balance

The requirements referred to in this notice apply even in the case of a cash balance plan that defines an employee's accrued benefit as an amount equal to the employee's hypothetical account balance. Section 411(a)(7) defines the accrued benefit in terms of benefits payable under the plan at normal retirement age. In a cash balance plan, for an employee who has not attained normal retirement age, whether the employee's retirement benefit payable at normal retirement age under the plan includes benefits attributable to future interest credits depends on whether those benefits have accrued.

If benefits attributable to future interest credits have accrued, and those benefits are disregarded when benefits commence before normal retirement age, the plan has effectively conditioned entitlement to the benefits attributable to those future interest credits on the employee not taking a distribution prior to normal retirement age. Pursuant to § 1.411(a)-4T, a right that is conditioned under the plan on a subsequent forbearance is a forfeitable right. Accordingly, conditioning entitlement to benefits on the employee not taking a distribution violates the nonforfeitability requirements of section 411(a).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Alternatively, if the benefits attributable to future interest credits have not accrued and will accrue only as of the later dates when the interest credits are included in the hypothetical account balance, the timing of those later accruals must be taken into account in applying the accrual rules of section 411(b)(1). As a result, such a plan typically will not satisfy those accrual rules.

IV. Description of proposal

A. Variable interest rates that may be assumed for these purposes to be no greater than the 30-year Treasury interest rate

It is anticipated that the regulations will set forth a list of standard indices and associated margins for use with frontloaded interest credit plans that provide interest credits equal to the product of the balance of the hypothetical account and the current value of a variable index. (It is anticipated that this proposal will apply without regard to how frequently the rate used to determine interest credits is compounded.) Under a frontloaded interest credit plan that, for this purpose, specifies a variable index equal to the PBGC immediate rate or the sum of one of the standard indices and a margin not greater than the specified margin associated with that standard index, no impermissible forfeiture would result from projecting that the rate used to determine future interest credits for an employee is no greater than the applicable interest rate under section 417(e)(3), as amended by RPA '94. Thus, if such a plan has been amended to comply with the changes to section 417(e) made by RPA '94, the employee's entire accrued benefit could be distributed in the form of a single sum distribution equal to the employee's hypothetical account balance without violating section 411(a) or 417(e), provided that the plan provides the appropriate annuity conversion factors.

The table below provides the proposed list of standard indices and associated margins. The discount rates on Treasury bills and the yields on Treasury Constant Maturities are the rates reported in the Federal Reserve Bulletin, and the Consumer Price Index is CPI-U, as reported by the Department of Labor. Authority would be delegated to the Commissioner to approve other indices and associated margins.

| Standard Index | Associated Margin |
| --- | --- |
| The discount rate on 3-month Treasury Bills | 175 basis points |
| The discount rate on 6-month Treasury Bills or 12-month Treasury Bills | 150 basis points |
| The yield on 1-year Treasury Constant Maturities | 100 basis points |
| The yield on 2-year Treasury Constant Maturities or 3-year Treasury Constant Maturities | 50 basis points |
| The yield on 5-year Treasury Constant Maturities or 7-year Treasury Constant Maturities | 25 basis points |
| The yield on 10-year Treasury Constant Maturities or any longer period Treasury Constant Maturities | 0 basis points |
| Annual rate of change of the Consumer Price Index | 3 percentage points |

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

In developing these standard indices and associated margins, the Service and Treasury took into account the historical relationship between each of these indices and the rate of interest on 30-year Treasury securities.

Under the proposal, if a frontloaded interest credit plan specified a variable index for use in determining the amount of interest credits that is equal to the sum of a standard index (listed in the table above) and a margin that exceeds the specified margin associated with that standard index, distribution of a single sum equal to the employee's hypothetical account balance would not satisfy both section 411(a) and section 417(e). If such a plan provided that the rate used for projecting the amount of future interest credits was no greater than the interest rate under section 417(e)(3), the projection would result in a forfeiture. Alternatively, if a frontloaded interest credit plan provided for interest credits to be projected using a rate that exceeded the section 417(e) interest rate but then provided for the benefit to be discounted using that same higher rate, the plan would violate section 417(e).

B. Guidance will be prospective

The anticipated regulations will be effective prospectively. In addition, for plan years beginning before the regulations are effective, a frontloaded interest credit plan would not be disqualified for failing to satisfy section 411(a) or 417(e) if the amount of the distribution satisfied those sections based on a reasonable, good-faith interpretation of the applicable provisions of the Code, taking into account pre-existing guidance. For this purpose, plans that comply with the guidance in this notice are deemed to be applying a reasonable, good faith interpretation.

V. Comments

The Service and Treasury invite comments on the proposal described in this notice. Comments are specifically requested on other indices for which guidance may be appropriate and on guidance that would facilitate the transition to use of an approved index (including possible guidance with respect to the application of section 411(d)(6)). Any suggestion of an index (and associated margin, if any) should include an analysis of the historical relationship between the index and the rate for 30-year Treasury securities. Comments should be submitted in writing, referencing Notice 96-7, and addressed to--
    Associate Chief Counsel
    (Employee Benefits and Exempt Organizations)
    CC:EBEO
    ATTN: Cash Balance Guidance
    Room 5214
    Internal Revenue Service
    1111 Constitution Ave., N.W.
    Washington, D.C. 20224

VI. Drafting information

The principal author of this notice is Marjorie Hoffman of the Office of the Associate Chief Counsel (Employee Benefits and Exempt Organizations). For further information, contact Ms. Hoffman at 202-622-6030 (not a toll-free number).

Notice 96-8, 1996-1 C.B. 359, 1996-6 I.R.B. 23, 1996 WL 17901 (IRS NOT)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.