UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY McCARTHY, CLAYTON BOROWSKI, individually and on behalf of others similarly situated, and individually, GAIL ADAMS, DONALD BAKERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE DUN & BRADSTREET CORPORATION, THE DUN & BRADSTREET CORPORATION RETIREMENT ACCOUNT, and THE DUN & BRADSTREET CAREER TRANSITION PLAN,<br><br>Defendants. | CIVIL ACTION NO.<br>3:03 CV 0431 (SRU)<br><br><br><br>JUNE 28, 2005 |

**DEFENDANTS' MOTION FOR APPLICATION FOR RECOVERY OF COSTS**

I.   **PRELIMINARY STATEMENT**

As the prevailing party, Defendants are entitled to recoup their costs in this action pursuant to 28 U.S.C. Section 1920 and Local Civil Rule 54(c) of the United States District Court for the District of Connecticut.

II.   **PROCEDURAL HISTORY**

Plaintiffs filed this four-count action against Defendants in the United States District Court for the District of Connecticut on March 12, 2003. An Amended Complaint was subsequently filed on July 9, 2003. On September 19, 2003, Defendants moved to dismiss Counts One, Three, and Four. By Order dated November 30, 2004, the Court dismissed Counts One and Three, and ordered expert discovery and further briefing on Count 4. After this ruling, Plaintiffs voluntarily withdrew Count Two of the Amended Complaint with prejudice. On June

14, 2005, after considering Defendants' Motion for Summary Judgment as to Count 4, the only remaining count in the case, the Court entered summary judgment in favor of Defendants and instructed the Clerk to close the file.

### III. AS THE PREVAILING PARTY, DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS

As the prevailing party, Defendants are presumptively entitled to an award of costs. National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party.").

Moreover, Defendants are entitled to recover all costs reasonably necessary for preparation of the case, not merely those costs directly related to Defendants' successful summary judgment motion. Each of the costs submitted by Defendants in the Bill of Costs, filed concurrently, was actually and necessarily incurred for counsel's effective performance and proper handling of this action. (See Declaration of Sandra K. Lalli, filed concurrently herewith.)

### IV. THE REQUESTED COSTS ARE PROPERLY TAXABLE AGAINST PLAINTIFFS

#### A. Fees for Court Reporters

28 U.S.C. Section 1920(2) authorizes a court to award fees of the court reporter "for all or any part of the stenographic transcript necessarily obtained for use in the case." Defendants therefore seek reimbursement for the cost of the original and one copy of the deposition transcripts that were used by the Court in ruling on Defendants' Motion for Summary Judgment.

#### B. Fees for Reproduction of Documents

28 U.S.C. Section 1920(4) enables a court to award copying costs for any document "necessarily obtained for use in the case." There is no statutory requirement regarding

the amount charged for copies; rather, the only requirement is that the copying charges be fair and reasonable and the copies have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990). As a result, costs of documents necessarily obtained for use in the case are properly taxable as claimed.

### C.   Witness Fees

Local Rule 54(d)(3)(A) enables a court to award the "attendance, travel, and subsistence fees of witnesses" in accordance with 28 U.S.C. Section 1821. Fees to which the prevailing party is entitled include an attendance fee of $40 for each day of attendance and for time traveling to and from the place of attendance (28 U.S.C. § 1821(b)), and actual expenses of travel (28 U.S.C. § 1821(c)(1)). Defendants seek reimbursement for the costs allowed for the attendance of their expert witness, Edward W. Brown, at his deposition on October 6, 2004. Witness fees are allowed regardless of whether their attendance was procured by subpoena or was voluntary (Local Rule 54(d)(3)(A)). Therefore, Defendants should be awarded the reasonable attendance fees for Mr. Brown at his deposition.

### V.   CONCLUSION

For all the foregoing reasons, Defendants' application to the Clerk of the Court to tax costs should be granted in full.

DATED: June 28, 2005                    Respectfully submitted,

By: _____
Patrick W. Shea (ct07071)
Sandra K. Lalli (ct25805)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:    (203) 961-7400
Facsimile:    (203) 359-3031
patrickshea@paulhastings.com

Counsel for the Defendants

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of June, 2005, a copy of the foregoing Defendants' Motion for Application for Recovery of Costs was served by overnight express mail on the following counsel of record:

>Thomas G. Moukawsher, Esq.
>Moukawsher & Walsh, LLC
>21 Oak Street, Suite 100
>Hartford, Connecticut 06106
>
>_____
>Sandra K. Lalli

STM/299010.2