# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KAREN B. COAN

    VS.                                                                           CIVIL 3:01CV1737(MRK)

ALAN H. KAUFMAN, ET AL

RULING ON DEFENDANTS' BILL OF COSTS

    Judgment entered for the defendants, Alan H. Kaufman and Edgar W. Lee, on September 2, 2004, after a ruling entered granting defendants' motion for summary judgment. After an appeal, a Mandate entered on August 18, 2006, affirming judgment. Defendants filed a Renewed Bill of Costs on August 17, 2006, and no objection has been filed to date. For the reasons stated below, the defendants' bill of costs is granted in part and denied in part.

    A.   <u>FEES FOR COURT REPORTER</u>: Defendants are entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 (7th Cir.,1975). Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii).

    Defendants submitted a claim for the court reporter's fees for the deposition

1

transcript of the plaintiff held on March 18, 2003, in the amount of $2,498.06. This claim is reduced to $1,246.81, eliminating the charges for minitranscript, email, jurat preparation, delivery & UPS and reducing the transcript charge to the maximum rate allowed.

Defendants submitted a claim for the court reporter's fee for the transcript of the deposition of Dr.Vahan Janjigian held on January 8, 2003, in the amount of $776.74 which is reduced to $583.44, eliminating the charges for ascii disk, minitranscript, jurat preparation and delivery and reducing the transcript charge to the maximum rate allowed.

Defendants submitted a claim for the court reporter's fee for the transcript of the deposition of Edward J. Wahlberg held on March 17, 2003, in the amount of $297.01 which is reduced to $267.01, eliminating the charges for multipage condensed and shipping and handling.

Defendants submitted claims for the court reporter's fees for the transcripts of the depositions of the defendants, Alan Kaufman and Edgar Lee, which are disallowed, pursuant to Local Rule 54(c)7(vi).

Defendants submitted claims for the court reporter's fees for the transcripts of the depositions of Warren F. Mulhern, David Jainchill and David H. Fierston which are disallowed without prejudice to renewal within ten (10) days, upon a demonstration as to how these deposition transcripts were used in support of defendants' motion for summary judgment.

The total claim for court reporter's fees is allowed in the amount of $2,097.26.

B. <u>FEES FOR COPIES</u>: Defendants submitted a claim for copies of exhibits to their motion for summary judgment in the amount of $44.38 which is allowed.

C. <u>FEES OF THE MARSHAL</u>: Defendants submitted a claim for service of a subpoena duces tecum in the amount of $62.50 which information was used in preparing their motion for summary judgment and is allowed.

D. <u>SUMMARY</u>: For the reasons previously stated, the defendants' bill of costs is allowed as follows:

| | |
|---|---|
| COURT REPORTER'S FEES | $ 2,097.26 |
| FEES FOR COPIES | 44.38 |
| FEES OF THE MARSHAL | $    62.50 |
| TOTAL | $ 2,204.14 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 5th day of September, 2006.

KEVIN F. ROWE, CLERK

BY:
    Lori Inferrera
    Deputy-in-Charge